UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WILLIAM TURNER, III, individually and on behalf of all others similarly situated** | § § § § | Docket No. 4:15-cv-03670 |
| **Plaintiff,** | § § | |
| **v.** | § § § | **JURY TRIAL DEMANDED** |
| **NINE ENERGY SERVICE, LLC** | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** | § | |

## PLAINTIFF'S OPPOSED MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL CLASS MEMBERS

**Michael A. Josephson**
Fed. Id 27157
State Bar No. 24014780
**Jessica M. Bresler**
Fed. Id. 2459648
State Bar No. 24090008
**Lindsay R. Itkin**
Fed Id 1458866
State Bar No. 24068647
**Andrew Dunlap**
Fed Id 1093163
State Bar No. 24078444
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
jbresler@fibichlaw.com
litkin@fibichlaw.com
adunlap@fibichlaw.com

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... iii-vi

I.      INTRODUCTION .............................................................................................................. 1

II.     FACTS ............................................................................................................. ................ 1-3

       A.     Overview Of Nine's Business............................................................................ 1-2

       B.     All Of The Putative Class Members Are Paid A Salary And A Ticket Bonus
              And Perform The Same General Duties.......................................................... 2-3

III.    ISSUE PRESENTED ........................................................................................................ 4

IV.    ARGUMENT FOR NOTICE TO PUTATIVE CLASS MEMBERS................. ................................... 4-11

       A.     Legal Standards: The District Court Is Authorized To Issue Notice
              To The Proposed Putative Class Members And Should Do So Immediately............ 4-9

             1.     The Court Should Use The Two-Stage Lusardi Approach In
                     Issuing Notice To Potential Plaintiff................................................. 5-8

             2.     Notice Is Appropriate On The Facts Presented Because
                     The Putative Class Members Are Similarly Situated....................... 8-9

       B.     Oilfield Misclassification Cases Like This One are Appropriate And
              Well-Suited For Conditional Certification.................................................... 9-10

       C.     The Statute Of Limitations Is Running On Putative Class Members'
              Valuable And Viable Claims......................................................................... 10-11

V.     RELIEF SOUGHT............................................................................................................. 11-14

       A.     Courts Routinely Required The Production Of Names, Addresses,
              E-Mail Addresses, And Phone Numbers For The Notice Process ....................... 12-14

       B.     Nine Is Prohibited From Discouraging Putative Class Members From
              Joining The Suit ........................................................................................... 14

VI.    CONCLUSION................................................................................................................. 14-15

## **TABLE OF AUTHORITIES**

### **CASES**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
600 F.3d 516, 519 (5th Cir. 2010) ........................................................................ 5, 8

*Alba v. Madden Bolt Corp.*,
C.A. No. 4:02-cv-01503, 2002 WL 32639827 (S.D. Tex. June 5, 2002) ........................................... 7, 13

*Albanil v. Coast 2 Coast, Inc.*,
C.A. No. H-08-486, 2008 WL 4937565 (S.D. Tex. Nov. 17, 2008) ..................................................7

*Allen, et al. v. McWane, Inc.*,
C.A. No. 2:06-cv-158, 2006 WL 3246531 (E.D. Tex. Nov. 7, 2006).......................................5

*Andreson v. Gladiator*,
Civ. A. No. SA-15-CA-00206-XR (S.D. Tex. Mar. 18, 2015) ..............................................4

*Barnard v. Intertek USA Inc.*,
C.A. No. 4:11-cv-02198 (S.D. Tex. May, 2, 2012) ................................................................13-14

*Beall v. Tyler Technologies, Inc.*,
C.A. No. 2-08-CV-422, 2009 WL 3064689 (E.D. Tex. Sept. 23, 2009)........................................13

*Benzon v. National OilWell Varco, LP*,
C.A. No. 4:14-cv-02582 (S.D. Tex. Sept. 8, 2015)........................................................14

*Bernal v. Vankar Enterprises, Inc.*,
C.A. No. 5:07-cv-00695, 2008 WL 791963 (W.D. Tex. Mar. 24, 2008) ....................................6

*Betancourt v. Maxim Healthcare Services, Inc.*.
2011 WL 1548964 (N.D. Ill. April 21, 2011)................................................................4,5

*Boudreaux, et al. v. Schlumberger Tech. Corp.*,
C.A. No. 6:14-cv-02267 (W.D. La. Feb. 5, 2015) ........................................................4, 10

*Camp v. The Progressive Corporation, et al.*,
8 Wage & Hour Cas. 2d 477 *11 (E.D. La. 2002)..........................................................5

*Cantu v. Vitol, Inc.*,
C.A. No. H-09-0576, 2009 WL 5195918 (S.D. Tex. Dec. 21, 2009).......................................6

*Coffin v. Blessey Marine Servs., Inc.*,
C.A. No. 4:11-cv-00214, 2011 WL 1103795 (S.D. Tex. Mar. 23, 2011) ..............................5-6

*Collazo v. Forefront Educ., Inc.*,
C.A. No. 08-cv-5987, 2010 WL 335327 (N.D. Ill. Jan. 28, 2010).........................................5, 8

*Cornell v. Nine Energy Service, LLC,*
C.A. No. 4:15-cv-0620 (S.D. Tex. Mar. 9, 2015) ......................................................... 9

*Craig v. Rite Aid Corporation, et al.,*
C.A. No. 4:08-cv-002317, 2009 WL 4723286 (M.D.Pa. Dec. 9, 2009).........................5

*D'Anna v. M/A-Com, Inc.,*
903 F.Supp. 889, 893 (D.Md.1995) .............................................................................4

*Davida v. Newpark Drilling Fluids, LLC,*
C.A. No. SA-14-CA-552-HJB (W.D. Tex. Jan. 6, 2015) ...........................................10

*Davis v. Westgate Planet Hollywood Las Vegas, LLC,*
C.A. No. 2:08-CV-00722-RCJ-PAL, 2009 WL 102735 (D. Nev. Jan. 12, 2009)...................13

*Dooley v. Nine Energy Services, LLC,*
C.A. No. 4:15-cv-02433 (S.D. Tex. Jan. 27, 2016) .......................................................9

*Dreyer v. Baker Hughes Oilfield Operations, Inc.,*
C.A. No. 4:08-cv-01212, 2008 WL 5204149 (S.D. Tex. Dec. 11, 2008).......................6

*Dybach v. State of Fla. Dept. of Corrections.,*
942 F.2d 1562, 1567-68 (11th Cir. 1991)......................................................................9

*Fisher v. Michigan Bell Telephone Co.,*
C.A. No. 2:09-cv-10802, 2009 WL 3427048, (E.D. Mich. Oct. 22, 2009) .................11

*Flores v. Lifeway Foods, Inc.,*
289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003) ...............................................................6

*Foraker v. Highpoint Southwest Servs., L.P.,*
C.A. No. H- 06-1856, 2006 WL 2585047 (S.D. Tex. Sept 7, 2006) ...........................6

*Garner v. G.D. Searle,*
802 F. Supp. 418, 422 (M.D. Ala. 1991) .......................................................................7

*Grayson v. K-Mart Corp.,*
79 F.3d 1086, 1096 (11th Cir. 1996)....................................................................4-5, 7-8

*H&R Block, LTD. v. Housden & Beard,*
186 F.R.D.399, 400 (E.D. Tex. 1999) .......................................................................6, 8

*Hoffmann-La Roche, Inc. v. Sperling,*
493 U.S. 165, 169 (1989) ...............................................................................8, 11, 14

*Jackson v. New York Telephone Co.,*
163 F.R.D. 429, 431 (S.D.N.Y. 1995) ..........................................................................5

*Jeremiah Bills, et al, v. Superior Energy Services, LLC,*
C.A. No. 4:12-cv-03647 (S.D. Tex. Sept. 9, 2013) .........................................................10

*Jirak v. Abbott Labs., Inc.,*
566 F. Supp. 2d 845, 847 (N.D. Ill. 2008) ..................................................................8

*Lopez v. Allis-Chalmers Energy Inc.,*
C.A. No. C-11-353 (S.D. Tex. April 20, 2012) .............................................................13

*Lopez v. WS Energy Services, LLC,*
C.A. No. 2:15-cv-135 (S.D. Tex. Oct. 15, 2015)……...................................................10, 14

*Martinez v. Refinery Terminal Fire Company,*
C.A. No. C-11-295 (S.D. Tex. Jan. 25, 2012) . .............................................................13

*Mateos v. Select Energy Servs., LLC,*
977 F. Supp. 2d 640, 642 (W.D. Tex. 2013)..................................................................10

*McPherson v. LEAM Drilling Systems, LLC,*
C.A. No. 4:14-cv-02361 (S.D. Tex. Mar. 30, 2015)……...………………………………....10

*Meyer v. Phoenix Tech. Servs. USA, Inc.,*
C.A. No. 4:14-cv-01490 (S.D. Tex. Jan. 27, 2015) .......................................................4, 10

*Mielke v. Laidlaw Transit, Inc.,*
313 F. Supp. 2d 759, 762 (N.D. Ill. 2004) ..................................................................5-6

*Mooney v. Aramco Servs. Co.,*
54 F.3d 1207, 1213-16 (5th  Cir. 1995).........................................................................4-8

*Morley v. Nine Energy Service, LLC,*
C.A. No. 4:15-cv-01809 (S.D. Tex. June 25, 2015) .......................................................9

*Ortiz v. Rain King, Inc.,*
2003 WL 23741409 (S.D. Tex. June 25, 2002) .......................................................5, 7, 13

*Quintanilla v. A & R Demolition, Inc.,*
C.A. No. H-04-1965, 2005 WL 2095104 (S.D. Tex. Aug. 30, 2005)................................11

*Reyes v. Texas Ezpawn, L.P.,*
459 F. Supp. 2d 546, 551-52 (S.D. Tex. 2006)................................................................6

*Riojas v. Seal Produce, Inc.,*
82 F.R.D. 613, 616 (S.D. Tex. 1979) ………………………………………..................8

*Rodriguez v. Stage 3 Separation, LLC,*
C.A. No. 5:14-cv-603-RP, at fn. 1 (W.D. Tex. Mar. 16, 2015)……..............................13

*Russell v. Illinois Bell Tel. Co.*,
575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) ................................................... 5, 8

*Sandoz v. Cingular Wireless, LLC*,
553 F.3d 913, 916-17 (5th Cir. 2008) .............................................................11

*Snively, Stephen Clark, et al. v. Nine Energy Service, LLC*,
C.A. No. 7:15-cv-00134-HLH (W.D. Tex.) ................................................. 9

*Sperling v. Hoffmann-La Roche, Inc.*,
118 F.R.D. 392, 407 (D. N.J. Jan. 5, 1988)................................................ 7-8

*Switzer v. Wachovia Corp.*,
C.A. No. 4:11-cv-01604, 2012 WL 1231743 (S.D. Tex. Apr. 12, 2012) ................11

*Syed v. M—I, L.L.C.*,
C.A. No. 1:12-cv-01718, 2014 WL 3778246 (E.D. Cal. July 30, 2014) ................10

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*,
312 U.S. 590, 597 (1944)...................................................................................1

*Tolentino v. C&J Spec-Rent Services, Inc.*,
C.A. No. C-09-326, 2010 WL 2196261 (S.D. Tex. May 26, 2010) ........................7

*Tucker v. Labor Leasing, Inc.*,
872 F. Supp. 941, 947 (M.D. Fla. 1994).................................................... 4, 7

*Vargas v. The Richardson Trident Co.*,
C.A. No. H-9-1674, 2010 WL 730115 (S.D. Tex. Feb. 22, 2010)........................6

*Villatoro v. Kim Son Restaurant*,
286 F. Supp. 2d 807, 810-11 (S.D. Tex. 2003)........................................5,7

*Webber v. Nine Energy Service, LLC and CDK Perforating, LLC*,
C.A. No. 2:15-cv-1807, (E.D. Oh. May 8 2015) ....................................... 9

*Wedel v. Gyro Technologies, Inc.*,
C.A. No. 2:15-cv-93 (S.D. Tex. Oct. 09, 2015) ..................................... 4, 10

*Wilson v. Atlas Oilfield Const. Co.*,
C.A. SA-14-CV-304-XR, 2014 WL 4546954 (W.D. Tex. Sept. 12, 2014) ................10

*Wittemann v. Wisconsin Bell, Inc.*,
2010 WL 446033 (W.D. Wis. Feb. 2, 2010) .......................................... 6, 8

## MISCELLANEOUS STATUTES

29 U.S.C. §216(b), *et seq.* ...................................................................*passim*

## I.      INTRODUCTION

Plaintiff William Turner ("Plaintiff") filed this collective action lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA") to recover unpaid overtime wages, liquidated damages, attorney fees, and costs owed to current and former employees of Nine Energy Service, LLC ("Defendant" and/or "Nine") over the past three years who were misclassified as exempt and paid a salary and/or a bonus, but no overtime compensation.  Plaintiff requests the Court conditionally certify a class of "**All field specialists/technicians employed by Nine Energy Service, LLC during the past 3 years who were paid a salary and/or a bonus, but no overtime compensation.**"

As shown below, it is undisputed that the Putative Class Members are similarly situated in terms of their job titles, duties, compensation, and uniform exempt classification by Nine.  All of the Putative Class Members were denied overtime pay as a result of a single and widespread corporate policy that uniformly misclassifies them as exempt from the FLSA overtime requirements, regardless of any individualized factor such as experience, job duties, geographic location, or hours worked. Further, four other class members already came forward and made claims for unpaid overtime.

Plaintiff more than met the pre-discovery, lenient standard for conditional certification and notice should be issued to the Putative Class Members immediately in order to promote the broad remedial purposes of the FLSA and to prevent the wasting of viable and valuable claims for unpaid wages.  *See Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 312 U.S. 590, 597 (1944) (the FLSA is "remedial and humanitarian in purpose."). Plaintiff thus requests the Court grant this Motion.

## II.      FACTS

### A.      OVERVIEW OF NINE'S BUSINESS

Nine is in the business of selling completions, cementing, and wireline services to the energy industry.  http://nineenergyservice.com/about/overview. Nine offers innovative services, products,

1

techniques, and processes such as workover services, TCP (tubing-conveyed perforating) services, liner systems, production packers, pumpdown perforating, cement bond analysis, casing inspection tools, retrievable bridge plugs, frac plugs, and flowgun systems. Nine's field specialists work to carry out Nine's oilfield jobs for its clients in the oil and gas industry at the rig site, maintain the tools and equipment used for the job, and operate the tools and equipment at the well site. Nine's fi field specialists do almost all of this work out in the oilfield, on well sites throughout the US. To service these wells, Nine maintains over 20 physical locations (yards) close to the major plays. http://nineenergyservice.com/contact/locations. All of the Putative Class Members are paid the same way, perform the same or similar technical, physical, and manual duties, work the same or similar hours each week, and don't receive overtime.

**B.    ALL OF THE PUTATIVE CLASS MEMBERS ARE PAID A SALARY  AND A TICKET BONUS AND PERFORM THE SAME GENERAL DUTIES**

All of the Putative Class Members were misclassified as exempt, paid a salary and/or a ticket bonus (also known as a job bonus), and were uniformly denied overtime compensation as a result of the same illegal pay practice. [1]  Ex. 1, ¶ 8; Ex. 2, ¶ 8; Ex. 3, ¶ 8; Ex. 4, ¶ 8. It is undisputed that Plaintiff was paid a salary and bonuses and was never paid overtime for hours worked in excess of 40 in a single work week. *See* Defendant's Answer, ECF No. 8, at p. 2.

The Putative Class Members all perform the same or similar routine technical, physical and manual job duties out in the oilfield or at one of Nine's yards. *See* Ex. 1, ¶ 6; Ex. 2, ¶ 6; Ex. 3, ¶ 6; Ex. 4, ¶ 6.  These blue collar workers spend the majority of their time physically rigging up the tools and equipment in the oilfield at the rig site, operating lowering, steering, and monitoring Nine's equipment and tools needed for the job, performing maintenance on the equipment, and rigging down the equipment at the end of the job.  *See* Ex. 1, ¶ 5; Ex. 2, ¶ 5; Ex. 3, ¶ 5; Ex. 4, ¶ 5.  These

---

[1] Plaintiff' motion is supported in part by the declarations of William Turner, III (Ex. 1); Richard Guidry (Ex. 2); David Bauerle (Ex. 3); and William Bulliard (Ex. 4).

2

duties did not typically vary between jobs. *See id.* The Putative Class Members perform these duties while typically working 12 or more hour shifts each day, and regularly work more than eighty-four hours a workweek. Ex. 1, ¶ 3; Ex. 2, ¶ 3 Ex. 3, ¶ 3; Ex. 4, ¶ 3.

These core job duties and pay practices remained the same for all of Nine's field specialists. *See* Ex. 1, ¶ 5-8; Ex. 2, ¶ 5-8; Ex. 3, ¶ 5-8; Ex. 4, ¶ 5-8. The Putative Class Members performed their job duties in accordance with Nine's policies and procedures, and did not have the ability to deviate from Nine (or its  client's) strict guidelines, expectations, and/or the directives of the rig site operator and their consultants. *See* Ex. 1, ¶ 7; Ex. 2, ¶ 7; Ex. 3, ¶ 7; Ex. 4, ¶ 7. They also could not hire, fire, discipline, or interview current or potential employees. *Id.* Further this job did not require a degree or any advanced training. *See* Ex. 1, ¶ 6; Ex. 2, ¶ 6; Ex. 3, ¶ 6; Ex. 4, ¶ 6.

Finally, the Putative Class Members all believe that their current and former co-workers would be interested in learning about their rights and the opportunity to join this lawsuit. Ex. 1, ¶ 9; Ex. 2, ¶ 9; Ex. 3, ¶ 9; Ex. 4, ¶ 9. Further, because the Putative Class Members work in remote locations far away from home for long periods of time, an e-mail about the case and posting a notice in the trailers on the jobsites would help guarantee that current employees of Nine are made aware of this case. *Id.*

Plaintiff more than demonstrated that the proposed Putative Class Members are similar in terms of job duties, titles, and compensation and that notice is appropriate under the circumstances.

### III.   ISSUE PRESENTED

Should the Putative Class Members be notified about their right to bring a claim for damages under the Fair Labor Standards Act?

### IV.   ARGUMENT FOR NOTICE TO PUTATIVE CLASS MEMBERS

**A.   LEGAL STANDARDS:  THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE TO THE PROPOSED PUTATIVE CLASS MEMBERS AND SHOULD DO SO IMMEDIATELY**

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b).  District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential Plaintiff that they may choose to "opt-in" or bring a claim on their own behalf.  *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989).  Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute.  *Id.* at 170-172.

Under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-16 (5th Cir. 1995); *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.,* 903 F.Supp. 889, 893 (D. Md. 1995).  Plaintiff's claims need not be identical to the potential opt-ins, they need only be similar.[2]  *Grayson,* 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Betancourt v. Maxim Healthcare*

---

[2] *See, e.g., Anderson v. Gladiator,* Civ. A. No. SA-15-CA-00206-XR (S.D. Tex. Mar. 18, 2015) (Rodriguez, J.) (Order certifying nationwide class of supervisors, operators, and hands not yet released, but see Minute Entry filed as ECF No. 40); *Wedel v. Gyro Technologies, Inc.,* Civ. A. No. 2:15-cv-93 (S.D. Tex. Oct. 09, 2015) (Ramos, J.) (order adopting Magistrate Judge Libby's Memorandum and Recommendation for certification of a nationwide class of surveyors); *Boudreaux, et al. v. Schlumberger Tech. Corp.,* No. 6:14-2267, ECF No. 50, (W.D. La. Feb. 5, 2015) (Hill, M.J.) (nationwide certification of a class of misclassified MWDs, DDs and LWDs); *Meyer v. Phoenix Tech. Servs., USA, Inc.,* No. 4:14-cv-01490, ECF No. 25, (S.D. Tex. Jan. 26, 2014) (Rosenthal, J.) (nationwide certification of a class of misclassified MWDs who worked as day hands, night hands and trainees).

*Services, Inc.*, C.A. 1:10-cv-04763, 2011 WL 1548964 (N.D. Ill. April 21, 2011) (certifying a nationwide class of staffing recruiters); *Camp v. The Progressive Corporation, et al.*, 8 Wage & Hour Cas. 2d 477 *11 (E.D. La. 2002) (permitting nationwide notice to various categories of insurance adjusters); *Craig v. Rite Aid Corporation, et al.*, C.A. 4:08-cv-002317, 2009 WL 4723286 (M.D. Pa. Dec. 9, 2009) (permitting nationwide notice to current and former assistant store managers); *Allen, et al. v. McWane, Inc.*, C.A. 2:06-cv-158, 2006 WL 3246531 (E.D. Tex.) (Ward, J.) (permitting notice to hourly employees at thirteen different pipe and foundry plants across the country).

In fact, Plaintiff needs to only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097; *see Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (plaintiffs are similarly situated when they together were alleged victims of a "common policy or scheme or plan that violated the law); *see, e.g., Ortiz v. Rain King, Inc.*, 2003 WL 23741409 (S.D. Tex. June 25, 2002) (one declaration sufficient); *Villatoro v. Kim Son Restaurant*, 286 F. Supp. 2d 807, 810-11 (S.D. Tex. 2003) (one declaration plus employer documents sufficient).

### 1. The Court Should Use The Two-Stage *Lusardi* Approach In Issuing Notice To Potential Plaintiff

Courts in this and other districts apply a two-step approach to determine whether Plaintiffs are "similarly situated" to the potential Plaintiff. *Coffin v. Blessey Marine Servs., Inc.,* C.A. 4:11-cv-00214, 2011 WL 1103795, at *3 (S.D. Tex. Mar. 23, 2011); *Betancourt*, 2011 WL1548964, at *4-5; *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008). Under the *Lusardi* approach, the court "determines whether the putative class members' claims are sufficiently similar" to authorize notice to potential class members. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing *Mooney*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

The first step requires Plaintiff to "show there are similarly situated employees who are potential claimants." *Collazo*, 2010 WL 335327, at *2 (citing *Mielke v. Laidlaw Transit, Inc.,* 313 F.

Supp. 2d 759, 762 (N.D. Ill. 2004)). Plaintiff meets this burden by making "a modest factual showing sufficient to demonstrate that they and potential Plaintiff together were victims of a common policy or plan that violated the law." *Id.* (citing *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)); *Wittemann v. Wisconsin Bell, Inc.*, 2010 WL 446033, at *1 (W.D. Wis. Feb. 2, 2010)*; see generally H&R Block, LTD. v. Housden & Beard,* 186 F.R.D.399, 400 (E.D. Tex. 1999).  Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214; *see, e.g., Vargas v. The Richardson Trident Co.*, CA H-9-1674, 2010 WL 730115, at *7 (S.D. Tex. Feb. 22, 2010) (Harmon, J.) (noting the certification of collective actions is subject to a two-step process with a lenient standard that typically results in conditional certification of a representative class)*; Cantu v. Vitol, Inc.*, CA H-09-0576, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009) (Rosenthal, J.) *Foraker v. Highpoint Southwest Servs., L.P.*, CA. H- 06-1856, 2006 WL 2585047, at *3 (S.D. Tex. Sept 7, 2006) (Atlas, J.); *Kim Son Restaurant,* 286 F. Supp. 2d at 810 (granting certification with only a minimal preliminary showing that the Putative Class Members were similarly situated based on testimony and pay stubs); *Reyes v. Texas Ezpawn, L.P.*, 459 F. Supp. 2d 546, 551-52 (S.D. Tex. 2006) ("The court's decision [at the notice stage] is usually based only on the pleadings and any affidavits that have been submitted."); *Dreyer v. Baker Hughes Oilfield Operations, Inc.,* C.A.. 4:08-cv-01212, 2008 WL 5204149, *1 (S.D. Tex. Dec. 11, 2008) (Review at this stage is lenient; the Plaintiff must show only that there is some factual basis for trying their cases together with the cases of other potential members.); *Bernal v. Vankar Enterprises, Inc.,* C.A. 5:07-cv-00695, 2008 WL 791963, *3 (W.D. Tex. Mar. 24, 2008) ("This determination is based solely on the pleadings and affidavits and the standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and who receive an opportunity to "opt in.""); *Blessey Marine,* 2011 WL 1103795 at *3 (denying Defendants request for pre-certification discovery and applying the first "notice stage" analysis of the *Lusardi* approach based on pleadings and affidavits submitted.).

6

In deciding whether notice should be issued, courts only require "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214, n. 8. Doing the opposite would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D. N.J. Jan. 5, 1988). ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").

An employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney*, 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1096. It is important to note that the Plaintiff's claims and positions need not be identical to the potential opt-ins', only similar. *Grayson*, 79 F.3d at 1096; *Tucker*, 872 F. Supp. at 947. Recently, in a case granting class notice, Judge Jack held:

> [T]he court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated. The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively.

*Tolentino v. C&J Spec-Rent Services, Inc.*, C.A. 2:09-cv-00326, 2010 WL 2196261, at *4 (S.D. Tex. May 26, 2010) (Jack, J.) (*citing Albanil v. Coast 2 Coast, Inc.*, C.A. 4:08-cv-00486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008)). Further, the Plaintiff need to only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at 1097. Substantial evidence, documents, or declarations are not required for certification. *See, e.g., Rain King, Inc.,* 2003 WL 23741409; *Alba v. Madden Bolt Corp.*, C.A. 4:02-cv-01503, 2002 WL 32639827 (S.D. Tex. June 5, 2002) (Hoyt J.); *Kim Son Restaurant*, 286 F. Supp. 2d at 810-11.

At the second step, "following the completion of the opt-in process and further discovery, the Defendant may ask the Court to reevaluate the conditional certification to determine whether there is sufficient similarity between the Representative Plaintiff and opt-in Plaintiff to allow the

matter to proceed to trial on a collective basis." *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (quoting *Jirak v. Abbott Labs., Inc.,* 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008)); *Wittemann v. Wisconsin Bell, Inc.*, C.A. 3:09-cv-00440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) ("If, after discovery, defendant shows that any differences among the class members make it too difficult to decide their claims together, defendant may ask to decertify the class or divide the class into subclasses.").

Once the Court determines that the employees are similarly situated, notice is sent and new Plaintiff may "opt in" or file their own claim. *Acevedo*, 600 F.3d at 519 (citing *Mooney*, 54 F.3d at 1214). Ultimately, allowing early notice and full participation by the Putative Class Members "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice period is complete, the court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffmann-La Roche,* 493 U.S. at 172.

## 2. Notice Is Appropriate On The Facts Presented Because The Putative Class Members Are Similarly Situated

At the notice stage, courts determine whether plaintiff and potential opt-ins are "similarly situated" based upon allegations in a complaint supported by affidavits. *Mooney*, 54 F.3d at 1213-16; *Grayson*, 79 F.3d at 1096. To be similarly situated, each class member's situation need not be identical, but merely similar. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex. 1979).

In order for notice to be issued, some evidence of "a single decision, policy, or plan" should be presented. *Collazo v. Forefront Educ., Inc.*, C.A. 1:08-cv-05987, 2010 WL 335327, at *2 (N.D. Ill. Jan. 28, 2010); *see generally H&R Block, LTD. v. Housden & Beard,* 186 F.R.D.399, 400 (E.D. Tex. 1999). Proof of such a single practice can be provided through declarations of potential Plaintiff, identification of potential Plaintiff, and/or evidence of a widespread plan. *Id.* (citations omitted). In addition to these factors, some courts consider whether other individuals desire to opt-in and are

8

similarly situated to those bringing the suit. *Dybach v. State of Fla. Dept. of Corrections.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  If, for example, other parties file consents to join, this is evidence of a desire that others want to join that should be considered by the Court. In this case, it's notable that William Bulliard and three opt-in plaintiffs already filed consents to join this suit. *See* ECF Nos. 4 and 6.

Plaintiff more than meets the lenient standard of showing that notice to the Putative Class Members is proper.  The evidence attached to this motion illustrates that Defendant's broad, uniform practice of paying the Putative Class Members a salary and a bonus without overtime is undisputed.

Consequently, for all of the reasons set forth in this motion and the attached evidence, this Court should authorize notice to the Putative Class Members and allow Plaintiff to distribute the Notice/Consent forms attached hereto to the Putative Class Members.[3]  Given the weight of the showing made by the Plaintiff, the issuance of immediate Court-approved notice to the Putative Class Members is appropriate and within this Court's discretion.

**B.  OILFIELD MISCLASSIFICATION CASES LIKE THIS ONE ARE APPROPRIATE AND WELL-SUITED FOR CONDITIONAL CERTIFICATION**

Even though Nine already agreed to notice in a similar unpaid overtime case for its wireline operators and notice was ordered in a similar case for its wireline field engineers,[4] it will predictably argue that oilfield FLSA misclassification cases cannot be conditionally certified by suggesting the

---

[3] *See* Plaintiff's Proposed Notice and Consent (Ex. 5); Plaintiff's Proposed Email Notice (Ex. 6); Plaintiff's Proposed Telephone Script (Ex. 7).

[4] *See Cornell v. Nine Energy Service, LLC*, 4:15-cv-0620 (S.D. Tex. Mar. 9, 2015) (Ellison, J.) (ECF No. 18) (Previous counsel for Nine already agreed to notice in a similar FLSA case involving Nine's wireline operators and TCP specialists) and Dooley v. Nine Energy Service, LLC, 4:15-cv-02433 (S.D. Tex. Jan. 27, 2016) (Rosenthal, J.) (ECF No. 20) (Judge Rosenthal conditionally certified Nine's wireline engineers just recently). Nine is also being sued in multiple other cases that involve allegations that Nine violated federal and/or state wage laws. *See, e.g., Morley v. Nine Energy Service, LLC*, Civ. A. No. 4:15-cv-01809 (S.D. Tex. June 25, 2015) (FLSA case involving Nine's employees who worked an entity Nine recently acquired, Northern States Completion), *Webber v. Nine Energy Service, LLC and CDK Perforating, LLC*, Case No. 2:15-cv-1807, (E.D. Oh. May 8 2015); *Jason Snively, Stephen Clark, et al. v. Nine Energy Service, LLC*, Civ. A. No. 7:15-cv-00134-HLH (W.D. Tex.), etc.

exemption inquiry is inherently "individualized" or "fact-intensive." However, courts routinely grant conditional certification where, as here, the plaintiff makes a "minimal showing" that notice is appropriate. *See, e.g.,* *Wedel v. Gyro Technologies, Inc.*, Civ. A. No. 2:15-cv-93 (S.D. Tex. Oct. 09, 2015) (Ramos, J) (order adopting Magistrate Judge Libby's Memorandum and Recommendation for certification of a nationwide class of surveyors) (ECF No. 50); *Lopez v. WS Energy Services, LLC*, Civ. A. No. 2:15-cv-135 (S.D. Tex. Oct. 15, 2015) (Ramos, J.) (order granting certification of a nationwide class of non-managerial oilfield workers); *McPherson v. LEAM Drilling Systems, LLC*, Civ. A. No. 4:14-cv-02361 (S.D. Tex. Mar. 30, 2015) (Harmon, J.) (order granting certification of a nationwide class of MWDs); *Boudreaux, et al. v. Schlumberger Tech. Corp.*, C.A. 6:14-cv-02267, ECF No. 50, (W.D. La. Feb. 5, 2015) (Hill, M.J.) (order granting certification in a Directional Driller and MWD misclassification case); *Meyer v. Phoenix Technology Services USA, Inc.,* C.A. 4:14-cv-01490 (S.D. Tex. Jan. 27, 2015) (Rosenthal J.) (order granting certification in a MWD misclassification case); *Davida v. Newpark Drilling Fluids, LLC*, C.A. 5:14-cv-00552-HJB, ECF No. 47 (W.D. Tex. Jan. 6, 2015) (order granting certification to a class of misclassified Field Service Technicians); *Jeremiah Bills, et al, v. Superior Energy Services, LLC*, C.A. 4:12-cv-03647, ECF No. 32 (S.D. Tex. Sept. 9, 2013) (Gilmore, J.) (order granting certification to a class of misclassified oilfield operators); *Wilson v. Atlas Oilfield Const. Co., LLC*, C.A. 5:14-cv-00304-XR, 2014 WL 4546954 (W.D. Tex. Sept. 12, 2014) (order granting certification to a class of misclassified oilfield solids control operators); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 642 (W.D. Tex. 2013) (order granting certification to a class of misclassified oilfield operators);   *see also Syed v. M—I, L.L.C.*, C.A. 1:12-cv-01718, 2014 WL 3778246 (E.D. Cal. July 30, 2014) (order granting conditional certification of drilling fluids specialists).

## C.   THE STATUTE OF LIMITATIONS IS RUNNING ON PUTATIVE CLASS MEMBERS' VALUABLE AND VIABLE CLAIMS

Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class

members with the filing of the complaint, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co.*, C.A. 2:09-cv-10802, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action or bring their own claim. *Id.*; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *Sandoz v. Cingular Wireless, LLC* 553 F.3d 913, 916-17 (5th Cir. 2008); *Switzer v. Wachovia Corp.*, C.A. 4:11-cv-01604, 2012 WL 1231743, *1 (S.D. Tex. Apr. 12, 2012) (that is, the "limitations period is not tolled with respect to other potential Plaintiff unless and until they opt-in to the case."); *Quintanilla v. A & R Demolition, Inc.*, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005). Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the Putative Class Members of the case, and that the statute of limitations is running on their claims. *Fisher*, 2009 WL 3427048, at *8 (citing *Hoffmann-La Roche*, 493 U.S. at 170).

## V.      RELIEF SOUGHT

Plaintiff seeks the issuance of notice to all Putative Class Members and the disclosure of the names, contact information (including the addresses, email addresses, and telephone numbers) and dates of employment of the Putative Class Members.

To facilitate the Notice process and preserve the rights of those who have not yet opted-in, Plaintiff attached a proposed Notice and Consent forms to be approved by the Court. *See* Ex. 5,6, and 7. These forms are based on various Notice and Consent forms previously approved by District Courts dealing with similar issues, though they are modified for this particular case where the Putative Class Members are oilfield workers who are away from their home addresses for long periods of time.

11

Additionally, Plaintiff seeks an Order from this Court adopting the following notice schedule:

| DEADLINE | DESCRIPTION OF DEADLINE |
|---|---|
| **10 Days From Order Approving Notice to Potential Class Members** | Defendant to disclose the names, last known addresses, e-mail addresses, phone numbers and dates of employment of the Putative Class Members in a usable electronic format. |
| **20 Days From Order Approving Notice to Potential Class Members** | Plaintiff' Counsel shall send by mail and e-mail a copy of the Court approved Notice and Consent Form to the Putative Class Members. *See* Exs. 5 and 6. Defendant is required to post the Notice and Consent forms in all jobsite trailers for 60 days in an open and obvious location. |
| **60 Days From Date Notice is Mailed to Potential Class Members** | The Putative Class Members shall have 60 days to return their signed Consent forms for filing with the Court. Defendant may take down the posted Notice and Consent forms. |
| **30 Days from Date Notice is Mailed to Potential Class Members** | Plaintiff's Counsel is authorized to send by mail and e-mail a Reminder Notice and Consent to the Putative Class Members reminding them of the deadline for the submission of the Consent forms. *See* Exs. 5 and 6. Plaintiff may follow up with the Putative Class Members who did not return their Consent forms with a phone call to ensure receipt of the Notice packet. *See* Ex. 7. |

## A.   COURTS ROUTINELY REQUIRE THE PRODUCTION OF NAMES, ADDRESSES, E-MAIL ADDRESSES, AND PHONE NUMBERS FOR THE NOTICE PROCESS

Plaintiff request that the Court order Defendant to provide counsel for Plaintiff with the names, current or last known home addresses, email addresses, and phone numbers of the Putative

Class Members. Courts routinely require employers to produce the requested information and allow the issuance of notice by mail and email, especially in lawsuits involving employees of oilfield service companies who are away from their mailing addresses for long periods of time. *See Rodriguez v. Stage 3 Separation, LLC*, 5:14-cv-603-RP, at fn. 1 (W.D. Tex. Mar. 16, 2015) (ECF No. 57) (Order granting conditional certification stating "[t]he Court notes that in 2015 it should rarely be entertaining arguments about the appropriateness of email notice. Email is not the wave of the future; email is the wave of the last decade and a half. Many people use their email addresses as their primary point of contact, and in almost every situation, more opt-in plaintiffs will be on notice of a pending collective action if the potential class members are also notified via email"); *Barnard v. Intertek USA Inc.*, C.A. No. 4:11-cv-02198 *22 (S.D. Tex. May, 2, 2012) (ECF No. 99) (Johnson, M.J.) ("Plaintiff's counsel shall mail a copy of the notice and consent forms attached to their motion, with the required changes, via regular United States mail and/or via electronic mail . . . ."); *Martinez v. Refinery Terminal Fire Company*, C.A. No. C-11-295 (S.D. Tex. Jan. 25, 2012) (ECF No. 54) (Ramos, J) (Ordering the production of names, addresses, email addresses and telephone numbers); *Lopez v. Allis-Chalmers Energy Inc.*, C.A. No. C-11-353 (S.D. Tex. April 20, 2012) (ECF No. 92) (Ordering the production of names, addresses, email addresses and telephone numbers); *Beall v. Tyler Technologies, Inc.*, C.A. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. Sept. 23, 2009) (court granted class notice via email and later compelled the employer to produce all email addresses, both personal and work); *see also Davis v. Westgate Planet Hollywood Las Vegas, LLC*, C.A. 2:08-CV-00722-RCJ-PAL, 2009 WL 102735, at * 15 (D. Nev. Jan. 12, 2009) (court granted circulation of class notice via both U.S. mail and email); *Ortiz*, 2003 WL 23741409, at *1 (granting class notice and ordering Defendant to produce the names, addresses and phone numbers of class employees in a readable computer format)*; Alba*, 2002 WL 32639827, at *1 (court ordered defendant to produce "the full name, last known address, telephone

13

numbers, dates and location of employment for three years); *Hoffmann-LaRoche*, 493 U.S. at 170, 110 S.Ct. at 486 ("District Court was correct to permit discovery of the names and addresses… ").

Issuance of notice via email is especially important herein because the Putative Class Members work in remote locations that are far away from home for extended periods of time, making it extremely difficult for them to regularly receive mail.  Ex. 1, ¶ 9; Ex. 2, ¶ 9; Ex. 3, ¶ 9; Ex. 4, ¶ 9.   This is especially true because while on a job, the Putative Class Members eat, sleep, and work on the jobsite away from their homes.

**B.**     **Nine is Prohibited From Discouraging Putative Class Members From Joining The Suit**

While the FLSA expressly prohibits any type of retaliation or dissuasion by a Defendant during a pending case, Plaintiff requests an order to this effect out of an abundance of caution.  *See, e.g., Lopez v. WS Energy Services, LLC*, Civ. A. No. 2:15-cv-00135 (S.D. Tex. July 31, 2015) (ECF No. 23); *Benzon v. National OilWell Varco, LP*, Civ. A. No. 4:14-cv-02582 (S.D. Tex. Sept. 8, 2015) (Bennett, J.) (ECF No. 33). Plaintiff specifically requests the Court order that "Defendant is hereby prohibited from communicating, directly or indirectly, with any current or former . . . employees about any matters which touch or concern the settlement of any outstanding wage claims, or other matters related to this suit, during the opt-in period. Defendant shall so instruct all of its managers. This order shall not restrict Defendant from discussing with any current employee matters that arise in the normal course of business." *Barnard,* C.A. No. 4:11-cv-02198 at *22-23.

**VI.     CONCLUSION**

Plaintiff more than meets the minimal burden to show that other similarly situated individuals exist and are interested in asserting their claims.  In order to facilitate the purposes of the FLSA's collective action provisions, Plaintiff respectfully requests that the Court grant this motion and (1) conditionally certify this action for purposes of notice and discovery; (2) order that a

14

judicially approved notice be sent to all Putative Class Members by mail and email; (3) approve the form and content of Plaintiff's proposed judicial notice and reminder notice; (4) order Nine to produce to Plaintiff's Counsel the last known name, address, phone number, email address and dates of employment for each of the Putative Class Members in a usable electronic format; and (5) authorize a sixty (60) day notice period for the Putative Class Members to join this case.

Respectfully Submitted,

By: */s/ Jessica M. Bresler*

**Michael A. Josephson**
Fed. Id 27157
State Bar No. 24014780
**Jessica M. Bresler**
Fed. Id. 2459648
State Bar No. 24090008
**Lindsay R. Itkin**
Fed Id. 1458866
State Bar No. 24068647
**Andrew Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030

**AND**

**Richard J. (Rex) Burch**
State Bar No. 24001807
Fed. Id. 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE AND CONFERENCE

I certify that this document was served by ECF electronic filing on all known parties on March 29, 2016. I also certify that the parties conferred about this motion and Defendant is opposed to the relief sought.

*/s/ Jessica M. Bresler*
Jessica M. Bresler

16