UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM M. TURNER, III, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | Docket No. 4:15-cv-03670 |
| v. | § § | JURY TRIAL DEMANDED |
| | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| NINE ENERGY SERVICE, LLC | § § | |
| Defendant. | § § | |

**PLAINTIFF'S REPLY
IN SUPPORT OF CONDITIONAL CERTIFICATION AND NOTICE**

**1.    INTRODUCTION**

In cases involving essentially the same facts, Judge Rosenthal and Judge Junell rejected the same worn-out arguments Nine makes again here.[1] Nine nonetheless wastes judicial resources, refuses to reasonably confer, and unnecessarily delays the FLSA notice process by refusing to accept precedent. Plaintiff William M. Turner, III supported his Motion for Conditional Certification and Notice (Motion) with four declarations, all confirming[2] the Class Members perform similar blue collar job duties in the oilfield, are paid a salary and bonuses, and are uniformly misclassified as exempt. *See* ECF 20, *passim*. This showing exceeds the lenient standard for conditional certification

---

[1] In *Dooley v. Nine Energy Service, LLC,* Judge Rosenthal rejected Nine's l that exemption defenses prevent collective treatment. *See Dooley v. Nine Energy Service, LLC*, Civ. A. No. 4:15-cv-02433, (S.D. Tex. 2014) (Rosenthal, J.) at ECF No. 20 (Minute Entry granting Plaintiff's Motion for Conditional Certification and Notice) and ECF No. 18 (Nine's Response in Opposition, which contains almost the exact same arguments that Judge Rosenthal already considered and rejected).

In *Snively v. Nine Energy Service, LLC*, Judge Junell also rejected Nine's argument that exemption defenses prevent collective treatment. *See Snively v. Nine Energy Service, LLC*, No. MO:15-cv-00134-RAJ-DC (W.D. Tex. 2014) (Junell, J.) at ECF No. 56 (Order granting Plaintiff's Motion for Conditional Certification and Notice) and ECF No. 50 (Nine's Response in Opposition, which contains almost the exact same arguments that Judge Junell already considered and rejected).

[2] Nine does not dispute that this job position was paid on a salary basis and uniformly treated as exempt. *See* ECF 8 (Nine's Answer) at p. 2; *see also* ECF No. 19 (Nine's Opposition) at p. 17.

(particularly since five field specialists already joined this collective action). *See* ECF Nos. 4, 6, and 13.

In its Opposition, Nine doesn't deny the Class Members are paid the same way and do the same work.[3] Instead, it says Turner's Motion should be denied because: (1) the Class Members[4] are exempt (they're not) and (2) Turner's declarations are somehow insufficient. Nine also says (3) Turner's class definition must be narrowed and (4) Turner's notice forms (routinely used in this District and Division—even this Court) need to be modified. In other words, Nine regurgitates arguments routinely rejected by courts in this District and Division. For example, Judge Lake recently confirmed exemption defenses are not properly considered at the conditional certification stage. *See Jones v. Cretic Energy Services, LLC*, --F.Supp.3d---, 2015 WL 8489978, at *9 (S.D. Tex. Dec. 9, 2015) (Lake, J.) ("exemptions are merits-based defenses to FLSA claims that courts in this district typically hold to be irrelevant at this initial, notice stage of the case."). Moreover, the fact that four declarants testify to similar (even "virtually identical") working conditions corroborates Turner's claim that the Class Members are similarly situated. *See* ECF No. 19 at 13; *see also Mark v. Gawker Media, LLC*, No. 13-CV-4347 AJN, 2014 WL 4058417, at *7 (S.D.N.Y. Aug. 15, 2014). And Turner's class definition and notice forms are reasonable. Turner's Motion should be granted.

2.  **TURNER MET HIS LENIENT BURDEN TO SHOW THE CLASS MEMBERS ARE SIMILARLY SITUATED**

Even though Nine is a Defendant in at least six oilfield FLSA misclassification cases,[5] has

---

[3] *See, e.g.*, fn. 1; *see also* Nine's Opposition at p. 2 (confirming the Class Members are all "Field Service Specialists," doing specialty TCP work, paid a "salary and job bonuses," who are all allegedly exempt under both the MCA and highly compensated exemption).

[4] Plaintiff seeks conditional certification of **"All field specialists/technicians employed by Nine Energy Service, LLC during the past 3 years who were paid a salary and/or a bonus, but no overtime."** *See* ECF No. 11 at p. 1.

[5] *See, e.g., Cornell v. Nine Energy Service, LLC*, No. 4-15-cv-0620 (S.D. Tex. Mar. 9, 2015) (Ellison, J.); *Webber v. Nine Energy Service, LLC and CDK Perforating, LLC*, Case No. 2:15-cv-1807, (E.D. Oh. May 8 2015); *Morley v. Nine Energy Service, LLC*, Civ. A. No. 4:15-cv-01809 (S.D. Tex. June 25, 2015) (Hittner, J.); *Dooley v. Nine Energy Service, LLC*, Civ. A. No. 4:15-cv-02433, (S.D. Tex. Aug. 24, 2014) (Rosenthal, J.); *Jason Snively, Stephen Clark, et al. v. Nine Energy Service, LLC*, Civ. A. No.

lost this same conditional certification fight in at least two of these cases (and agreed to certification in another),[6] Nine opens its response by misrepresenting that Turner presented no evidence of a uniform practice, policy, or decision. *See* ECF No. 19 at 3, 5-7. However, courts in this District routinely grant conditional certification in oilfield misclassification cases—like this one—where the evidence shows the employees perform similar job functions and are subject to the same illegal pay practice. *See, e.g.*, ECF No. 11 at p. 9-10 (citing over 10 similar oilfield misclassification cases); *see also Jones*, 2015 WL 8489978, at *9 ("Defendant's argument that conditional certification should be denied because plaintiff has presented no allegation or evidence of a centralized policy or custom violating the FLSA is not persuasive because plaintiff contends that defendant's misclassification of all coil tubing crew members as exempt is a centralized policy that is being challenged in this case."). Nine's arguments in opposing conditional certification border on frivolous.

    **A.    NINE'S EXEMPTION DEFENSES ARE NOT PROPERLY CONSIDERED AT THIS LENIENT CONDITIONAL CERTIFICATION STAGE**

Unfortunately, clear precedent didn't prevent Nine from arguing that its alleged merits-based exemption defenses make this case ill-suited for conditional certification. *See Jones*, 2015 WL 8489978, at *9; *Dooley*, No. 4:15-cv-02433 (ECF No. 20) (Minute Entry denying this same exemption defense in similar case against Nine); *Snively*, No. MO:15-cv-00134-RAJ-DC (ECF No. 56) (Order granting conditional certification in similar case against Nine despite same alleged exemption defenses); *Walker v. Honghua America, LLC,* 870 F. Supp. 2d 462, 467 and 470 (S.D. Tex. 2012) (Ellison, J.) (certifying class of employees despite Defendant's alleged independent contractor defense); *Dreyer, et al. v. Baker Hughes Oilfield Operations, Inc.*, Civ. Act. No. H-08-1212, 2008 WL

---

7:15-cv-00134-HLH (W.D. Tex. Aug. 26, 2015) (Junell, J.); *Turner v. Nine Energy Service, LLC*, Docket No. 4:15-CV-3670 (S.D. Tex. Dec. 18, 2015) (Lake, J.); etc.

[6] *See Cornell*, 4:15-CV-0620 (ECF No. 18, stipulation for agreed notice); *see also Dooley*, Civ. A. No. 4:15-cv-02433 (ECF No. 20) and *Snively*, Civ. A. No. 7:15-cv-00134-HLH (ECF No. 56) for Orders granting plaintiffs' motions for conditional certification and notice.

5204149 at *3 (S.D. Tex. Dec. 11, 2008) (Smith, M.J.) (certifying class of employees despite Defendant's alleged administrative, computer employee, and highly-compensated defenses); *Foraker v. Highpoint Sw.*, No. H-06-1856, 2006 WL 2585047, at *4 n. 16 (S.D. Tex. Sept. 7, 2006) (Atlas, J.) ("Insofar as Highpoint attempts to defeat notice and conditional certification by contending that the Merchandisers are supervisors and thus exempt from overtime pay requirements under the FLSA's executive exemption, *see* 29 U.S.C. § 213(a)(1), the argument is rejected. This argument goes to the merits of whether the employees are exempt from overtime pay and is not a persuasive basis to deny notice of this suit to Merchandisers."). What matters at this lenient conditional certification stage is demonstrating sufficient similarity in job duties and pay to warrant notice, and Turner more than met that burden.

Nine already had these arguments reject twice.[7] And Judge Lake advised Nine of his own decision in *Jones v. Cretic Energy Services, LLC,* 2015 WL 8489978 (S.D. Tex. Dec. 9, 2015). Rather than argue Judges Lake, Junell, and Rosenthal incorrectly analyzed the facts in granting conditional certification, Nine makes the even more ambitious (and unsupportable) argument: that misclassification cases as a whole are "inherently" uncertifiable. *See* ECF No. 19 at p. 11-13. For example, Nine says determining the applicability of the MCA defense requires such an in-depth analysis of "highly-individualized, fact-intensive inquir[ies]" that conditional certification is inherently improper. *See* ECF No. 19 at p. 8. That cannot be true, and conditional certification was actually **granted** in most of the cases Nine cites to support this faulty argument. *See id.* (explanation below)[8]. Further, discovery is proceeding just fine in Nine's six other FLSA cases, where Nine also

---

[7] *See, e.g.*, fn. 1.

[8] For example, Nine cites to *Vanzinni v. Action Meat Distributors*, 995 F. Supp. 2d 703, 723 (S.D. Tex. Jan. 31, 2014) where Judge Ellison partially granted and partially denied Defendant's Motion for Summary Judgment on MCA issues, <u>after granting conditional certification and letting the parties engage in sufficient discovery to rule on the merits</u>. *See* ECF No. 20 in that case (Order granting Plaintiff's Motion for Reconsideration and certifying a class of hourly employees) and ECF No. 31 (Order approving Plaintiff's Notice and Consent documents).

alleges the MCA (and virtually every other) exemption applies. Turns out, Nine's discovery responses in those cases also confirms the MCA exemption does not actually apply in this case.[9] But more to the point, Courts routinely grant conditional certification despite a defendant's alleged MCA exemption defenses.[10]

Likewise, courts routinely grant conditional certification despite a defendant's alleged highly compensated and other 213(a)(1) exemptions. *See, e.g., McPherson v. LEAM Drilling Systems, LLC*, Civ. Act. No. 4:14-CV-02361 (S.D. Tex. Mar. 30, 2015) (Harmon, J.) (Order granting nationwide certification of all levels of MWDs despite alleged administrative, executive, professional, and highly compensated exemption defenses); *Dreyer,*, 2008 WL 5204149 at *3 (granting conditional certification despite Defendant's alleged administrative, computer employee, and highly-compensated defenses).

---

Nine cites to *Vallejo v. Garda CL Southwest, Inc.*, 56 F.Supp.3d 862, 868 (S.D. Tex. 2014) (Rosenthal, J.), appeal dismissed, 14-20666 (5th Cir. May 4, 2015) where Judge Rosenthal found plaintiff's motion for conditional certification and notice moot after granting defendant's motion to compel arbitration (ECF No. 36).

Nine cites to *Glanville v. Dupar, Inc.*, No. H-08-2537, 2009 WL 3255292, at *3 (S.D. Tex. 2009) (Rosenthal, J.) where the Judge Rosenthal found plaintiff's motion for conditional certification and notice moot after granting defendant's motion for summary judgment on the MCA exemption (ECF No. 43).

Nine also cites to *Rojas v. Garda CL Se., Inc.*, 1:13-CV-23173, 2015 WL 5084135 (S.D. Fla. 2015) (Rosenbaum, J.), which is again an Order granting in part Defendant's Motion for Summary Judgment, entered <u>after Judge Rosenbaum conditionally certified the class</u>. *See* ECF No. 48 ("Plaintiffs have met their low burden to show the existence of other similarly situated employees who would join a collective action. After the close of discovery, Garda may move for decertification and ask this Court to conduct stage-two certification analysis if it so chooses.").

Nine then cites to *Bishop v. Petro-Chemical Transport, LLC*, No CV F 07-0137-LJO SMS, 582 F. Supp. 2d 1290 (E.D. Cal. July 17, 2008), which is distinguishable because Plaintiff did not meet his burden to show that the Class was similarly situated, after engaging in substantial discovery. *Cf. Petro-Chemical Transport, LLC* with *Mowdy v. Beneto Bulk Transp.*, 2008 WL 901546, at *3 (N.D. Cal. 2008), where the Court conditionally certified a class of truck drivers, despite the alleged MCA exemption defenses, because Plaintiff presented evidence that demonstrated the Class was similarly situated.

[9] You will notice how Nine says the Class Members "are required or reasonably expected to cross state lines to perform TCP services throughout the United States," but nowhere in its Opposition does Nine say the Class Members all drove trucks weighing over 10,001 lbs. That is because after multiple depositions, massive pages of production, and extensive written discovery, everyone knows the Class Members also used vehicles weighing less than 10,001 lbs. on a regular basis.

[10] *See, e.g., Albanil v. Coast 2 Coast, Inc.,* Civ. Act. No. H-08-486, 2008 WL 493765, at *5 (S.D. Tex. Nov. 17, 2008) (numerous courts "granted conditional certification at the 'notice stage' despite a defendant's assertion of the [MCA] exemption.").

Since Nine's alleged exemption defenses are not properly considered at the conditional certification stage, Turner's Motion should be granted. *See, e.g.*, *Jones,* 2015 WL 8489978.

### B. TURNER'S DECLARATIONS ARE SUFFICIENT

Nine then trumpets the fact that the declarations Turner submitted to support his Motion are "virtually identical." *See* ECF No. 19 at p. 19. But, as this Court knows, this confirms how similar the declarants' job duties and method of pay were (and are). *See* ECF No. 11, Exs. 1, 2, 3, and 4; *Wedel v. Vaughn Energy Services, LLC*, 2:15-CV-0093 (S.D. Tex. Oct. 9, 2015) (Ramos, J.) (ECF No. 50 at p. 3-4) (Order rejecting similar defense arguments that Plaintiff's declarations are almost identical); *see also Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 352 (E.D.N.Y. 2012) (the fact that plaintiffs' declarations "include similar statements regarding [employer's] alleged failure to properly compensate them for overtime hours is not surprising in light of the fact that they are alleging the existence of a common illegal practice"). Nine's "observation that Plaintiffs' declarations are 'cookie-cutter' therefore undercuts its position." *Gawker Media, LLC*, 2014 WL 4058417, at *7. The declarations' consistency supports Turner's assertion that the Class Members are similarly situated.

### 3. TURNER'S CLASS DEFINITION IS REASONABLE

Nine's concern with Turner's proposed class definition is that it may include other workers who already received notice in the *Cornell* case (where the plaintiffs are also represented by Turner's lawyers and Nine is represented by the same defense counsel). That is obviously not what Turner seeks to do. The class definition in *Cornell* only included employees who worked for a discrete subsidiary of Nine (CDK Perforating). *See Cornell*, 4:15-CV-0620 (ECF No. 18). In fact, if Nine's lawyers had discussed the scope of the class honestly instead of misrepresenting the breadth of the misclassification issues, Turner's lawyers would not have entered into a stipulation limiting the *Cornell* class definition to begin with. To the degree there is any confusion, Turner's lawyers confirm

that Nine should not include employees who received notice in the *Cornell* case on the class list in this case.

**4.  TURNER'S NOTICE FORMS ARE ROUTINELY USED IN THIS DISTRICT AND DIVISION**

Nine says it has "numerous issues" with Turner's notice and then lazily identifies only six issues this Court either already provided guidance on[11] or that Turner agrees to modify as described below and as demonstrated on Turner's revised, attached notice forms.[12] *See* ECF No. 19 at p. 24. Any further complaints not raised by Nine should be deemed waived. *See Nobles v. State Farm Mutual Automobile Ins. Co.*, No. 2:10-cv-4175-NKL, 2011 WL 5563444, at *1 (W.D. Mo. Nov. 15, 2011) (holding defendant waived any arguments it had relating to notice because it failed to raise them in its briefing in opposition to plaintiff's motion for conditional certification).

**A.  FORM OF NOTICE**

Nine says notice "should not be in the form or by the methods proposed by Plaintiffs." *Id.* But since Nine makes no alternative suggestion, Turner's proposed form and method of sending notice, which is routinely approved in this District and Division, should be used. *See* Exs. 1-3 (Turner's revised Notice & Consent forms); *Jones*, 2015 WL 8489978, at *9-11 (this Court, like numerous others in this District and Division, already approved the form and method of notice Turner proposes).

**B.  POSTING OF THE NOTICE AT THE JOB SITE**

This Court approves of the posting of notice at job sites when it facilitates the broad, remedial purposes of the FLSA. *See id.* at *10 (and cases cited therein); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010). In its Opposition, Nine says there

---

[11] *See Jones*, 2015 WL 8489978, at *9-11. Judge Lake already instructed Nine's lawyers to review and take into consideration his ruling in the *Jones*, which deals with almost the same issues, should an opposition to conditional certification be filed.

[12] *See* Exhibits 1, 2, and 3 (Turner's revised Notice & Consent, Email, and Telephone Script). It should be noted that only the Notice & Consent is actually revised (all revisions are described in Turner's Reply), but the initial Email and Telephone script are included again for ease of reference.

are no such job sites, so there is no need to post the notice. Should discovery or a good faith inquiry confirm this, then everyone can agree there will be no posting. In the meantime, Turner respectfully requests Nine be ordered to post the notice in accordance with precedent and in order to facilitate the notice provisions of the FLSA.

### C. NINE'S LAWYERS' CONTACT INFORMATION IS MISLEADING AND UNNECESSARY

Courts routinely hold that including defense counsel's contact information on FLSA notices is at best unnecessary, and at worst misleading. *See Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *7 (W.D. Tex. Apr. 16, 2015) ("including contact information for defense counsel in the class notice risks violation of ethical rules and inadvertent inquiries, thus engendering needless confusion"); *see also, McCloud v. McClinton Energy Grp., LLC*, No. 7:14–CV–120, 2015 WL 737024, at *10 (W.D. Tex. Feb.20, 2015). However, to ensure the Class Members are aware they are not somehow required to hire Class Counsel, Turner agrees to include a statement on the notice documents that the Class Members "may contact any attorney of [your choice]" as Nine's lawyers also request in No. 4 of the Notice & Consent. *See* ECF No. 19 at p. 19, No. 3. As Judge Lake has noted, this is sufficient. *Jones*, 2015 WL 8489978, at *9-11 (declining further changes to the proposed notice where "plaintiff has agreed that his proposed notice should specify that the opt-ins may contact counsel of their choice").

### D. TURNER AGREES THE JOB TITLE SHOULD BE FIELD SPECIALIST

Turner's lawyers agree with Nine's lawyers that on No. 3 of Turner's proposed Notice & Consent form there is a typo identifying the job title at issue. The job title should be field specialist, not wireline field engineer. Turner's lawyers corrected this typo. *See* Exhibit 1.

### E. TURNER IS OK WITH NINE'S LAWYER'S PROPOSED CHANGE TO NO. 5 OF THE PROPOSED NOTICE & CONSENT

Nine's lawyers suggest a change to the language in No. 5 of Turner's proposed Notice & Consent.[13] Turner's lawyers are fine with this change and modified the language. *See* Ex. 1.

### F. NINE SHOULDN'T BE PERMITTED TO THREATEN CLASS MEMBERS WITH COSTS

Courts in this jurisdiction routinely approve notice forms that do not include language regarding the class members' potential liability for costs in FLSA collective actions. *See Jones,* 2015 WL 8489978, at *10 ("courts in this district routinely approve notices without such a warning") (Lake, J); *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, 2013 WL 2180014 (S.D. Tex. May 17, 2013) (Miller, J), 2013 WL 2180014, at *8 ("the Court does not believe requiring a warning about potential liability for Defendants' costs is appropriate"); *Bath v. Red Vision Systems, Inc.*, No. 13–02366, 2014 WL 2436100, at *7 (D.N.J. May 29, 2014) (court rejected the defendants contention that the opt-in notice should contain language about court costs, finding that "a statement in the notice that highlights the opt-in plaintiffs' discovery obligations and possibility of having to pay defense costs is unwarranted" because "[s]uch statements have the potential of chilling participation in the collective action."); *Dilonez v. Fox Linen Service, Inc.*, 35 F.Supp.3d 247, 256, 2014 WL 3893094, at *7 (E.D.N.Y.2014) (court declined to include language about court costs and potential counterclaims). The court explained "this district often rejects such language because it imposes an *in terrorem* effect that is disproportionate to the actual likelihood the costs or counterclaim damages will occur." Because including this information is unnecessary and does not

---

[13] Nine proposes the following change to No. 5 in Turner's Notice & Consent:

> If the Court rules that field specialists are entitled to overtime compensation, eligible workers who do *not* join this litigation may lose their rights to recover overtime for work performed in the past by Nine because the FLSA only allows workers to recover up to the past three years of back wages.

Turner's lawyers incorporated this language on the attached and revised Notice & Consent. *See* Ex. 1.

further the FLSA's broad remedial purposes, Turner respectfully requests this language remain omitted from the notice forms.

**5.    CONCLUSION**

Because Turner met his lenient burden to demonstrate that the Class Members are similarly situated, his Motion should be granted and his proposed Notice and Consent forms approved.

        Respectfully Submitted,

By: */s/ Jessica M. Bresler*
    **Michael A. Josephson**
    Fed. Id 27157
    State Bar No. 24014780
    **Jessica M. Bresler**
    Fed. Id. 2459648
    State Bar No. 24090008
    **Lindsay R. Itkin**
    Fed Id. 1458866
    State Bar No. 24068647
    **Andrew Dunlap**
    Fed Id. 1093163
    State Bar No. 24078444
    **FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
    1150 Bissonnet St.
    Houston, Texas 77005
    Tel: (713) 751-0025
    Fax: (713) 751-0030

    **AND**

    **Richard J. (Rex) Burch**
    State Bar No. 24001807
    Fed. Id. 21615
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I served this document by ECF electronic filing on all known parties on May 3, 2016.

> _/s/ Jessica M. Bresler_
> Jessica M. Bresler