United States District Court
Southern District of Texas
**ENTERED**
October 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM B. TURNER, III, | § | |
| individually and on behalf of | § | |
| all others similarly situated | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3670 |
| | § | |
| NINE ENERGY SERVICE, LLC, | § | |
| | § | |
|     Defendant. | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the court[1] is Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members (Doc. 11). The court has considered Plaintiff's motion, Defendant's response (Doc. 19), Plaintiff's reply (Doc. 22), all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **GRANTED.**

## I.  Case Background

William B. Turner, ("Plaintiff") filed this action against Nine Energy Service, LLC ("Defendant") under the Fair Labor Standards Act[2] ("FLSA").[3] Plaintiff alleged that Defendant wrongfully classified him and other similarly situated employees as

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. <u>See</u> Doc. 21, Ord. Dated Apr. 25, 2016.

[2]     <u>See</u> 29 U.S.C. §§ 201-219.

[3]     <u>See</u> Doc. 1, Pl.'s Compl. ¶ 1.

exempt from overtime requirements.[4]

## A.  Factual Background

Defendant is an oilfield service company that operates in Texas and elsewhere in the United States.[5]  Plaintiff worked for Defendant as a field specialist from October 2012 to October 2014.[6] Plaintiff alleged that he and other similarly situated coworkers had to work "at least 12 hours a day, for at least 7 days a week."[7] Along with this motion, Plaintiff submitted his own declaration and three other declarations from individuals also formerly employed by Defendant as field specialists.[8]  Plaintiff and these three individuals, Richard A. Guidry ("Guidry"), David Bauerle ("Bauerle"), and William B. Bulliard ("Bulliard") (collectively, "Declarants") averred that they had to work more than eighty-four hours per week and were never paid overtime when they worked more than forty hours in a week.[9]  Additionally, Declarants averred that

---

[4]      See id. ¶ 5.

[5]      See id. ¶ 15.

[6]      See Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 2.

[7]      See Doc. 1, Pl.'s Compl. ¶ 3.

[8]      See Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 2; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶ 2; Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶ 2; Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶ 2.

[9]      See Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 3; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶ 3; Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶ 3; Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶ 3.

the field specialists were all paid the same salary and ticket bonus without overtime despite any differences in their qualifications, locations, or other factors.[10]

While working for Defendant, Declarants had to "spen[d] most of [their] time physically rigging up [Defendant's] oilfield equipment at the rig site, lowering, steering, and operating tools and equipment needed for the job, performing maintenance on the equipment, and rigging down the equipment at the end of the job."[11] The position had no supervisory duties or decision-making authority and field specialists were bound by the instructions and decisions of Defendant, Defendant's clients, rig and site operators and their consultants.[12]   Additionally, Declarants averred that the field specialist position was a manual labor position that did not involve special training or require an advanced degree.[13]

Countering these declarations, Defendant averred that

---

[10]     See Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 8; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶ 8; Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶ 8; Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶ 8.

[11]     Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 5; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶ 5; Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶ 5; Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶ 5.

[12]     See Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 7; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶ 7; Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶ 7; Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶ 7.

[13]     See Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶¶ 6-8; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶¶ 6-8; Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶¶ 6-8; Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶¶ 6-8.

Declarants worked as field specialists for Tripoint, LLC, ("Tripoint"), an entity that started operating in 2010 to "provid[e] downhole tubing-conveyed perforating . . . services, among other services, in the oil and gas industry."[14]  Defendant acquired Tripoint as a subsidiary some time in early 2013.[15] Tripoint stopped operating in October 2014, and the entity was eventually terminated.[16]

**B.   Procedural Background**

On December 18, 2015, Plaintiff filed the complaint, alleging willful violations of the FLSA.[17]   Plaintiff filed notice of consents on December 29, 2015, January 7, 2016, and April 1, 2016, in which field specialists Guidry, Bauerle, Bulliard, and Clifton Patrick McDonald consented to join the case.[18]  Defendant filed an answer on January 27, 2016.[19]

On March 29, 2016, Plaintiff filed this pending motion for conditional class certification, seeking to certify the following class: "all field specialists/technicians employed by [Defendant] during the past 3 years who were paid a salary and/or a bonus, but

---

[14]     Doc. 19-1, Ex. 1 to Def.'s Resp., Decl. of Loren McNeely ¶ 2.

[15]     See id. ¶ 4.

[16]     See id. ¶ 5.

[17]     See Doc. 1, Pl.'s Compl. pp. 1-5.

[18]     See Doc. 4, Pl.'s Filing Notice of Consent; Doc. 6, Pl.'s Filing Notice of Consent; Doc. 13, Pl's Filing Notice of Consent.

[19]     See Doc. 8, Def.'s Ans.

no overtime compensation."[20]  In his motion, Plaintiff asks the court to: (1) conditionally certify the class; (2) order that notice be sent by email and mail to putative class members; (3) approve the proposed notice; (4) order Defendant to provide to Plaintiff's counsel, in usable electronic format, the last known name, address, phone number, email address, and dates of employment for the putative class members; and (5) order a sixty-day notice period to allow putative class members to opt-in to the case.[21]

Defendant filed a memorandum in opposition to this motion on April 8, 2016, arguing that (1) Plaintiff did not allege a uniform policy, plan, or decision; (2) liability will need to be assessed on an individual basis and class certification is thus improper because of the exemption defenses in this case; (3) Plaintiff's declarations are mostly not based on personal knowledge, are too conclusory, and contain inadmissible testimony; and (4) Plaintiff's class definition is too broad.[22]  Additionally, Defendant challenges six different aspects of Plaintiff's notice plan.[23]  Plaintiff replied on May 3, 2016, arguing that he met his burden, that his class definition is reasonable, and that the forms he provided for

---

[20]     Doc. 11, Pl.'s Mot. to Certify Class p. 1.

[21]     See id. pp. 14-15.

[22]     See Doc. 19, Def.'s Resp. pp. 5-17.

[23]     See id. pp. 17-20.

notice are usual and customary.[24]

## II. Legal Standard

The FLSA requires covered employers to pay non-exempt employees for hours worked in excess of defined maximum hours. 29 U.S.C. § 207(a). It allows employees to bring an action against their employers for violation of its hour and wage provisions. See 29 U.S.C. §§ 215-216. An employee may bring this action against his employer on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such an action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Courts have the authority to implement the representative action process by facilitating notice to potential plaintiffs, in other words, to persons alleged to be "similarly situated" to the named plaintiff(s). Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 171-74 (1989).

In the Fifth Circuit, the determination of whether plaintiffs are similarly situated is generally made by using one of two analyses: (1) the two-step analysis described in Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987); or (2) the "spurious class action" analysis described in Shushan v. Univ. of Colo., 132 F.R.D. 263 (D. Colo. 1990). See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th Cir. 1995) (expressly declining to decide which

---

[24]     See Doc. 22, Pl.'s Reply pp. 2-7.

of the two analyses is appropriate).[25]

Under the <u>Lusardi</u> approach, the court first "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." <u>Acevedo v. Allsup's Convenience Stores, Inc.</u>, 600 F.3d 516, 519 (5th Cir. 2010) (citing <u>Mooney</u>, 54 F.3d at 1213-14). The court makes this determination by using a fairly lenient standard, requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." <u>Mooney</u>, 54 F.3d at 1214 & n.8. If the court determines that the employees are similarly situated, then notice is sent and new plaintiffs may "opt in" to the lawsuit. <u>Acevedo</u>, 600 F.3d at 519 (citing <u>Mooney</u>, 54 F.3d at 1214). Next, once discovery has largely been completed and, thus, more information on the case made available, the court makes a final determination on whether the plaintiffs are similarly situated and whether they can proceed together in a single action. <u>Id.</u>

According to the Fifth Circuit, the <u>Shushan</u> approach, known as the "spurious class action" analysis, is similar to the class certification procedure used under Federal Rule of Civil Procedure 23 ("Rule 23"):

<u>Shushan</u> espouses the view that [29 U.S.C. § 216(b)

---

[25]    <u>Mooney</u> was an action under the Age Discrimination in Employment Act ("ADEA"), but it is informative here because the ADEA explicitly incorporates Section 216(b) of the FLSA to also provide for an "opt-in" class action procedure for similarly-situated employees. <u>See</u> <u>Mooney</u>, 54 F.3d at 1212.

> ("Section 216(b)")] merely breathes new life into the so-
> called "spurious" class action procedure previously
> eliminated from [Rule 23].  Building on this foundation,
> the court determined that Congress did not intend to
> create a completely separate class action structure for
> the FLSA . . . context, but merely desired to limit the
> availability of Rule 23 class action relief under . . .
> [the FLSA].  In application, the court determined that
> Congress intended the "similarly situated" inquiry to be
> coextensive with Rule 23 class certification.  In other
> words, the court looks at "numerosity," "commonality,"
> "typicality" and "adequacy of representation" to
> determine whether a class should be certified.  Under
> this methodology, the primary distinction between a . .
> . [FLSA] representative action and a [Rule 23] class
> action is that persons who do not elect to opt-in to the
> . . . [FLSA] representative action are not bound by its
> results.  In contrast, Rule 23 class members become party
> to the litigation through no action of their own, and are
> bound by its results.

Mooney, 54 F.3d at 1214.

The Fifth Circuit has not ruled which method the courts should use to determine whether plaintiffs are sufficiently similarly situated to advance their claims together in a single action under Section 216(b).  Acevedo, 600 F.3d at 518-19.  Although it has stated that not all class action standards are applicable to Section 216(b) actions, the court has explicitly left open the question of whether the Lusardi approach, the Shushan approach, or a third approach should be used in determining whether employees' claims are sufficiently similar to support the maintenance of a representative action.  Id. (citing Mooney, 54 F.3d at 1216; LaChapelle v. Owens-Ill., Inc., 513 F.2d 286, 288 (5th Cir. 1975)).

However, most courts in this district follow the Lusardi approach in suits brought under Section 216(b).  See, e.g.,

8

Tolentino v. C & J Spec-Rent Servs., Inc., 716 F. Supp.2d 642, 646 (S.D. Tex. 2010) (collecting cases).  The Lusardi approach is consistent with Fifth Circuit dicta stating that the two-step approach is the typical manner in which these collective actions proceed.  Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 915 n.2 (5th Cir. 2008).  The Fifth Circuit has also stated that "[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by [Section 216(b)]," in other words, the "opt out" procedure for class members under Rule 23 as opposed to the "opt in" procedure under Section 216(b).  LaChapelle, 513 F.2d at 288; see also Donovan v. Univ. of Tex. at El Paso, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the [Rule 23] procedures.").  This court, therefore, will analyze Plaintiff's claims using the Lusardi method.

The present case is at the "notice stage" of the Lusardi analysis.  At this stage, the court's decision is "made using a fairly lenient standard;" a plaintiff need only make a minimum showing to guide the court's determination whether to issue notice to potential class members.  Mooney, 54 F.3d at 1214.

In the absence of Fifth Circuit guidance on the appropriate test to use at the notice stage of the Lusardi analysis, courts are split on the appropriate elements to consider in determining whether to grant conditional certification.  Some courts use three

elements, requiring the plaintiff to show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. <u>See, e.g.</u>, <u>Cantu v. Vitol, Inc.</u>, No. H-09-0576, 2009 WL 5195918, at *4 (S.D. Tex. Dec. 21, 2009) (unpublished); <u>Tolentino</u>, 716 F. Supp.2d at 653.  Other courts, however, have rejected the third, non-statutory element.  <u>See, e.g.</u>, <u>Jones v. Cretic Energy Servs., LLC</u>, 149 F. Supp.3d 761, 768 (S.D. Tex. 2015); <u>Dreyer v. Baker Hughes Oilfield Operations, Inc.</u>, No. H-08-1212, 2008 WL 5204149, *3 (S.D. Tex. Dec. 11, 2008) (unpublished); <u>Heckler v. DK Funding, LLC</u>, 502 F. Supp.2d 777, 780 (N.D. Ill. 2007).  This court is persuaded by the latter group of cases that have rejected the third element, as it is not statutorily required.  <u>See</u> <u>Jones</u>, 149 F. Supp.3d at 762.  This reasoning is consistent with the instruction from the Supreme Court that the FLSA be liberally construed to carry out its purposes.  <u>Id.</u> (citing <u>Tony & Susan Alamo Found. v. Sec'y of Labor</u>, 471 U.S. 290, 296 (1985)). Therefore, the court finds that it is enough for Plaintiff to present evidence that there may be other aggrieved individuals who should be noticed without requiring evidence that those individuals actually want to join the lawsuit.

### III. Analysis

The court will first address Defendant's challenges to Plaintiff's class certification and then Defendant's objections to Plaintiff's proposed notice.

## A. <u>Class Certification</u>

Here, Plaintiff asserts that Defendant willfully violated the FLSA by denying Plaintiff and all other field specialists/technicians "overtime pay as a result of a single and widespread corporate policy that uniformly misclassifies them as exempt from the FLSA overtime requirements, regardless of any individualized factor such as experience, job duties, geographic location, or hours worked."[26]  Defendant urges the court to reject Plaintiff's request for conditional class certification.

### 1. Defendant's Objections to Plaintiff's Declarations

Defendant objects to Plaintiff's evidence, contending that it is inadequate because the submitted declarations are too conclusory, not supported by personal knowledge, based on inadmissible evidence, and too similar to one another.  Plaintiff replies stating that the similarity between the declarations helps to demonstrate that the field specialists are similarly situated.

When the case is in the notice stage, the court decides whether or not to certify a class generally based on the submitted pleadings and affidavits.  <u>Mooney</u>, 54 F.3d at 1213-14.  "The

---

[26]    Doc. 11, Pl.'s Mot. to Certify Class p. 1; <u>see</u> <u>also</u> Doc. 1, Pl.'s Compl. ¶ 5 ("This collective action alleges that Defendant misclassified Plaintiff and all oilfield personnel as exempt from the overtime requirements").

remedial nature of the FLSA and [29 U.S.C.] § 216 militate strongly in favor of allowing cases to proceed collectively." <u>Tolentino</u>, 716 F. Supp.2d at 647 (quoting <u>Albanil v. Coast 2 Coast, Inc.</u>, No. H-08-486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008)(unpublished)).

District courts in the Fifth Circuit have held that at the notice stage, the evidence presented by the plaintiff does not have to be evidence that would be admissible at trial. <u>See, e.g.</u>, <u>Lee v. Metrocare Servs.</u>, 980 F. Supp.2d 754, 761-62 (N.D. Tex. 2013)(gathering cases); <u>Castillo v. Alkire Subway, LP</u>, H-08-CV-2658, 2009 WL 9529354, *4-5 (S.D. Tex. Apr. 30, 2009)(unpublished); <u>McKnight v. D. Hous., Inc.</u>, 756 F. Supp.2d 794, 804-05 (S.D. Tex. 2010). The court finds this persuasive because, unlike at the summary judgment stage, at the notice stage the parties have not conducted discovery, and the court is not ruling on the merits. <u>See</u> <u>Castillo</u>, 2009 WL 9529354, at *4-5. Therefore, Defendant's objections that Plaintiff's declarations contain inadmissible evidence is overruled.

In support of this motion, Plaintiff submitted four declarations from field specialists who worked for Defendant. In <u>Lentz v. Spanky's Rest. II, Inc.</u>, 491 F. Supp.2d 663, 669-70 (N.D. Tex. 2007), the court found against conditional certification because the plaintiff only submitted his own affidavit and it was full of conclusory allegations. However, in this case, Plaintiff

submitted detailed declarations from four putative class members, all of whom have actually opted into the lawsuit. In <u>Songer v. Dillon Resources</u>, 569 F. Supp.2d 703, 707 (N.D. Tex. 2008), the court found that the plaintiffs' allegations were not substantial because they were not supported by facts that showed the basis for their knowledge. However, in this case, Declarants' declarations contain substantial details about their roles as field specialists and ground the basis for their knowledge in these facts. For example, Declarants state that they learned of Defendant's overtime policy from their "experience working at [Defendant], conversations with other field specialists, and [their] familiarity with [Defendant's] equipment, software, forms, and payroll practices."[27] Therefore, Defendant's objection that the declarations are too conclusory is overruled.

In order to be valid, Plaintiff's submitted declarations must be based on personal knowledge. <u>Lee</u>, 980 F. Supp.2d at 762 (gathering cases). Courts have held it is reasonable to find at the notice stage of the litigation that an employee has personal knowledge of his work experiences. <u>See, e.g.</u>, <u>id.</u> at 763-64 ("the Court finds that it is reasonable to infer at this [notice] stage that Lee and Albert had personal knowledge of the employment conditions of other Service Coordinators based on their own

---

[27]     <u>See</u> Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 8; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶ 8 (same); Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶ 8 (same); Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶ 8 (same).

observations and experiences during their employment")(citations omitted).

In this case, Declarants all worked for Defendant for at least a year, which is an adequate amount of time to gain personal knowledge about working for Defendant, as the court found in Lee. See id. p. 764. Declarants demonstrate their personal knowledge by averring that they learned this information through working for Defendant and speaking with others working there.[28] Declarants based the findings in their declarations on their experiences working for Defendant and conversations they had with other field specialists. In addition, Declarants stated that their information is based on personal knowledge.[29] District courts in Texas have held that this is enough to establish that a declaration at this stage of the case is based on personal knowledge. See, e.g., id. at 762; Perez v. Alcoa Fujikura, Ltd., 969 F. Supp. 991, 998 (W.D. Tex. 1997). Therefore, the court overrules Defendant's objection that the declarations are not based on personal knowledge.

Finally, with regard to Defendant's argument that the declarations are too similar, this court finds that the fact that

---

[28]    See Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶¶ 8-9; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶¶ 8-9 (same); Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶¶ 8-9 (same); Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶¶ 8-9 (same).

[29]    See Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 1 ("the facts contained in my declaration are within my personal knowledge"); Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶ 1 (same); Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶ 1 (same); Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard ¶ 1 (same).

the declarations are similar helps to support Plaintiff's position
that Declarants were similarly situated.   Therefore, Defendant's
objection based on the similarity between the declarations is
overruled.

### 2. Plaintiff's Burden

In order to obtain a class certification, Plaintiff must show
"substantial allegations that the putative class members were
together the victims of a single decision, policy, or plan infected
by discrimination." Mooney, 54 F.3d at 1214 & n. 8.   Plaintiff
must provide evidence to establish a reasonable belief that
aggrieved individuals exist and that the aggrieved individuals are
similarly situated. Cantu, 2009 WL 5195918, at *4.

Defendants argue that Plaintiff did not meet his burden
because he did not allege a "uniform policy, plan, or decision
infected by discrimination to show he and the putative plaintiffs
are 'similarly situated,' thus warranting conditional
certification."[30]

To meet his burden, Plaintiff must first show that there are
aggrieved individuals.   In this case, the declarations provide
substantial allegations that there are aggrieved individuals as
required under the Lusardi analysis.   See Mooney, 54 F.3d at 1214
& n.8; Tolentino, 716 F. Supp.2d at 653 (finding that two
declarations, a declaration from the plaintiff, and the complaint

---

[30]    See Doc. 19, Def.'s Resp. pp. 5-6.

"sufficiently state[d] a claim against Defendant" so that "Plaintiffs [] satisfied their burden"). In their declarations, Declarants put forth detailed information about the nature of their positions as field specialists. Additionally, Declarants averred that they worked eighty-four hours a week often and were never paid overtime for working more than forty hours per week. Declarants stated that field specialists were all paid the same salary and bonus with no overtime, with no variations taking into account differing factors. The court finds that these facts demonstrate the existence of aggrieved individuals who were victims of Defendant's policy to exempt them from overtime pay.

The second element Plaintiff must establish in meeting his burden is that these aggrieved individuals are similarly situated. The declarations stated that all Declarants, including Plaintiff, had the same position, worked similar hours, had the same job responsibilities, and were paid a salary and bonus with no overtime compensation. Defendant does not dispute that the putative class members all worked as field specialists.[31] Through this evidence, Plaintiff has shown that putative class members are similarly situated, as they all have the same position and are subject to the same policy of being paid salary and/or a bonus with no overtime compensation.

Based on the foregoing, the court finds Plaintiff has provided

---

[31]     See Doc. 19-1, Ex. 1 to Def.'s Resp., Decl. of Loren McNeely ¶ 8.

substantial allegations demonstrating that the putative class members were victims of a uniform policy or plan. Therefore, Plaintiff met his burden under the <u>Lusardi</u> analysis.

### 3. Exemption Defenses

Exemption defenses "are merits-based defenses to FLSA claims that courts in this district typically hold to be irrelevant at this initial, notice stage of the case." <u>Jones</u>, 149 F. Supp.3d at 774 (providing examples of other cases supporting this same proposition). Even if an exemption defense may apply to the case, that is not enough to prevent conditional certification of a class. <u>Dreyer</u>, 2008 WL 5204149, at *3 (citing <u>Foraker v. Highpoint Sw., Servs., LP</u>, No. H-06-1856, 2006 WL 2585047, at *4 & n. 16 (S.D. Tex. Sept. 7, 2006)) (unpublished); <u>see also</u> <u>Albanil</u>, 2008 WL 489765, at *7 ("defendants' assertion of an exemption, alone, is an insufficient basis for denying conditional certification and notice").

The second stage of the <u>Lusardi</u> analysis is "typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete . . . [a]t this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." <u>Mooney</u>, 54 F.3d at 1214. Exemption defenses are properly considered in the second stage of the <u>Lusardi</u> analysis. <u>Falcon v. Starbucks Corp.</u>, 580 F. Supp.2d 528, 534 (S.D.

Tex. 2008).

Defendant argues that the issues in this case are individualized because of the applicable exemption defenses. Defendant cites the Motor Carrier Act exemption, the highly-compensated exemption, and other Section 213(a)(1) exemptions. Defendant argues that these exemptions raise a "highly individualized, fact-intensive inquiry" which makes class certification improper.[32] Plaintiff replies by arguing that the merits of exemption defenses are not properly considered at the notice stage. Plaintiff asserts that his argument is in line with this court's prior precedent.

The court agrees that Defendant's arguments are improper at the notice stage of the litigation. Exemption defenses are considered by courts in the second stage of the <u>Lusardi</u> analysis, not the notice stage. <u>See, e.g.,</u> <u>Falcon</u>, 580 F. Supp.2d at 534; <u>Vanzzini v. Action Meat Distrib., Inc.</u>, 995 F. Supp.2d 703, 721 (S.D. Tex 2014). Defendant cites no authority from the Fifth Circuit to support its argument that courts consider exemption defenses at the notice stage of the litigation; and, in fact, the cases Defendant cites demonstrate that the court considers these in a motion to decertify the class, not in the notice stage of the litigation. <u>See</u>, <u>e.g.</u>, <u>Vanzzinni</u>, 995 F. Supp.2d at 723 (considering defendant's exemption defenses at the second stage of

---

[32]   Doc. 19, Def.'s Resp. p. 8.

the <u>Lusardi</u> analysis in deciding whether or not to grant a motion
to decertify the class); <u>Rojas v. Garda CL Se., Inc.</u>, No. 13-23173,
2015 WL 5084135, *2-4 (S.D. Fla. 2015), <u>appeal dismissed</u>, 15-14379
(11th Cir. Dec. 31, 2015)(granting defendant's motion to decertify
a class and considering exemption defenses in this second stage of
analysis); cf. <u>Rojas v. Garda CL Se., Inc.</u>, 297 F.R.D. 669, 675-76
(S.D. Fla. 2013)(granting plaintiff's motion to certify the class,
stating that "the issue of FLSA exemption, which cuts to the heart
of Plaintiff's claims, is more suitably before the Court when fully
briefed by the parties, not when raised for the first time in
Garda's Response to a Motion for Conditional Certification.").

   Defendant made the same argument in two other cases that was
rejected by the court in both.  <u>See</u> <u>Dooley v. Nine Energy Serv.,
LLC</u>, No. 4:15-cv-02433, Docs. 18, 20 (S.D. Tex. 2014)(rejecting
Defendant's argument that the exemption defenses are too
individualized for conditionally certifying a class action and
finding that the plaintiffs had shown that they were similarly
situated); <u>Snively v. Nine Energy Serv., LLC</u>, No. MO:15-cv-00134-
RAJ-DC, Doc. 56, p. 7 (W.D. Tex. 2014)("The Court rejects
Defendant's argument that individualized liability issues based on
exemption defenses make representative adjudication improper.").

   Therefore, looking at this court's prior rulings and those
from other district courts in the Fifth Circuit, the court rejects
Defendant's argument that individualized analysis on exemption

defenses warrants not granting conditional class certification at the notice stage.   This is an argument more appropriately considered at the second stage of the <u>Lusardi</u> analysis where the court can consider the merits of the exemption defenses and the standard of review is "less lenient." <u>Vanzzini</u>, 995 F. Supp.2d at 721.

### 4. Class Definition

Defendant argues that the class should be limited to former employees of Tripoint.   Defendant argues that "[t]o allow otherwise would create overlap with another pending case in which another collective action was conditionally certified against a different subsidiary of [Defendant]."[33]   Defendant contends that allowing the class certification to include everyone who has worked for Nine Energy will allow putative class members who missed the opt in period in <u>Cornell v. Nine Energy Serv., LLC</u>, 4:15-CV-00620, Doc. 18 (S.D. Tex. Mar. 9, 2015), to join in this case.   Plaintiff agreed in his reply to limit the class to exclude anyone who received notice for the <u>Cornell</u> case.

In the declarations, Declarants aver that they were all employed by Nine Energy Service as field specialists.[34]   This is enough evidence at this point in the case to not limit the class to

---

[33]      <u>Id.</u> p. 15.

[34]      <u>See</u> Doc. 11-1, Ex. 1 to Pl.'s Mot. to Certify Class, Decl. of Pl. ¶ 2; Doc. 11-2, Ex. 2 to Pl.'s Mot. to Certify Class, Decl. of Guidry ¶ 2; Doc. 11-3, Ex. 3 to Pl.'s Mot. to Certify Class, Decl. of Bauerle ¶ 2; Doc. 11-4, Ex. 4 to Pl.'s Mot. to Certify Class, Decl. of Bulliard.

only employees of Tripoint, but the scope of the class may be modified later after discovery is conducted and the court has a greater picture of the facts in this case.   Additionally, Plaintiff's stipulation to limit the class to not include those who may have received notice in the <u>Cornell</u> case will make sure that there is no overlap with the other lawsuit and will prevent people from opting in who already had a chance to join the <u>Cornell</u> class.

Accordingly, the following class is conditionally certified for the purposes of this FLSA collective action:

All field specialists/technicians employed by Tripoint, LLC and/or Nine Energy Service, LLC during the past three year period before the court authorizes notice who were paid a salary and/or bonus, but no overtime compensation, except those who actually received notice in <u>Cornell v. Nine Energy Services, LLC</u>, 4:15-cv-00620, Doc. 18 (S.D. Tex. Mar. 9, 2015).

**B.   <u>Notice</u>**

In addition to requesting class certification, Plaintiff has also asked for the court to judicially approve and order notice be sent to putative class members through mail and email.   Plaintiff also requested that Defendant provide Plaintiff's counsel, in usable electronic format, all names, addresses, phone numbers, email addresses, and dates of employment for the putative class members.   Plaintiff has provided forms for the proposed notice,

attached as exhibits 5-7 to this motion.  Plaintiffs are seeking a sixty-day notice period to allow other putative class members to join the case.  Defendant makes six objections to Plaintiff's proposed notice plan.

### 1. <u>Form</u>

Defendant's first challenge to Plaintiff's proposed notice is that "it should not be in the form or by the methods proposed by Plaintiffs."[35]  However, Defendant does not explain what is wrong about Plaintiff's form and methods.  Instead, Defendant cites cases in support of its argument that state the proposition that the court "has a responsibility to refrain from stirring up litigation."[36]  Defendant does not explain, however, what about the form or method of notice Plaintiff has suggested will stir up litigation.  Because Defendant fails to explain its argument or the relevance of these cases, Defendant's objection is overruled.

### 2. <u>Posting at Job Site Trailers</u>

Defendant objects to posting the notice at Defendant's job site trailers, arguing that all putative class members worked for Tripoint, which is no longer an entity.  Plaintiff replies that posting at the job sites furthers the remedial purposes of the FLSA.  Plaintiff also contends that potential putative class

---

[35]   Doc. 19, Def.'s Resp. p. 18.

[36]   <u>Id.</u> p. 24 (citing <u>Xavier v. Belfor USA Grp., Inc.</u>, 585 F. Supp.2d 873, 878 (E.D. La. 2008); <u>Lentz</u>, 491 F. Supp.2d at 669; <u>Valcho v. Dall. Cty. Hosp. Dist.</u>, 574 F. Supp.2d 618, 622 (N.D. Tex. 2008)).

members may be working on job sites and not be at home to receive mail during the notice period.

"Posting notice in a workplace is often used to inform employees of their rights in labor disputes, and has been approved as an appropriate form of notice in FLSA cases." Garcia v. TWC Admin., LLC, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *5 (W.D. Tex. Apr. 16, 2015)(citations omitted); see also Garcia v. Pancho Villa's of Huntington Village, Inc., 678 F. Supp.2d 89, 96 (E.D. N.Y. 2010)(noting that posting notice in the workplace is "a practice has been routinely approved in other cases"). In Jones, the court found that it was appropriate to post notice at the job site because plaintiffs worked in oilfields and would not be as likely to be able to receive notice at home; the court reasoned that allowing the posting at job sites would further the remedial nature of the FLSA. 149 F. Supp.3d at 776. The court finds that reasoning applicable in this case as the facts are similar here. Posting the notice at Defendant's job sites is appropriate in this case because it will help to further the remedial purposes of the FLSA, especially because putative class members will not be able to receive regular mail while on job sites. In addition, Defendant has failed to show how posting notice would unduly burden it. Therefore, Defendant's objection is overruled and Defendant must post the notice at their job sites.

### 3.   Defense Counsel's Contact Information

Defendant objects to the lack of inclusion of contact information of defense counsel in the proposed notice. Defendant would also like to "inform potential opt-ins that they 'may contact any attorney of their choosing to discuss the case.'"[37] Plaintiff replies to Defendant's first argument, stating that including the contact information is "at best unnecessary[] and at worst misleading."[38] Plaintiff is willing, however, to include the statement that putative class members may contact any attorney of their choice.

District courts in the Fifth Circuit have held that the notice should include the language that the putative class members "may contact any attorney of their choosing." See Tolentino, 716 F. Supp.2d at 655; Yaklin v. W-H Energy Servs., Inc., No. C-07-422, 2008 WL 1989795, at *4 (S.D. Tex. May 2, 2008)(unpublished)("The Court agrees that the notice must inform potential class Plaintiffs that they may contact any attorney of their choosing to discuss the case"). In addition, Plaintiff agrees to add this language to the proposed notice, therefore the statement that they "may contact any attorney of their choosing" should be included in the proposed notice. Defendant's objection to the lack of inclusion of this statement is therefore sustained.

However, district courts in the Fifth Circuit are divided on

---

[37]    Id. p. 25.

[38]    See Doc. 22, Pl.'s Reply p. 8.

24

the inclusion of defense counsel's contact information.   In
Gonzalez v. Ridgewood Landscaping, Inc., No. H-09-2992, 2010 WL
1903602, *8 (S.D. Tex. May 10, 2010)(unpublished), the court held
that it was customary for FLSA opt-in notices to contain defense
counsel's contact information.   However, in Garcia, the court
discussed the split among district courts, but decided against
allowing defense counsel to include their contact information,
noting the "ethical concerns about post-certification communication
between defense counsel and class members."   Garcia v. TWC Admin.,
LLC, 2015 WL 1737932, at *7.   In this case, the court finds the
reasoning in Garcia persuasive because of the potential ethical
concerns that may arise with putative class members reaching out to
defense counsel.   Therefore, Defendant's objection is overruled and
defense counsel's contact information should not be included in the
notice.

### 4. **Job Title**

Defendant argues that the language under the "Are you Eligible
to Join this Lawsuit" is incorrect because it says "wireline field
engineer" as opposed to "field service specialist."[39]   Plaintiff
agrees that this was an error on their part and updated the form to
read field specialist instead of wireline field engineer.
Therefore, Defendant's objection to the job title is overruled as
it has been corrected.

---

[39]   See Doc. 19, Def.'s Resp. p. 19.

### 5.   **Effect of Joining the Lawsuit Language**

In its fifth objection, Defendant offers a change to the proposed language under the "Effect of Joining or Not Joining the Lawsuit" section, and Plaintiff consents to this change; therefore, the objection is overruled.

### 6.   **Risk of Participation in Lawsuit Language**

Defendant's final objection contends that this language should be added to warn of the risk of participation in the lawsuit: "[i]f judgment is rendered in favor of Nine, the Court may tax certain statutory costs against the unsuccessful plaintiffs."[40]  Plaintiff argues that courts in this district do not require such language on notice forms.  Defendant cites no support for why the language should be included in Plaintiff's notice.

Courts are divided on whether plaintiff's liability language should be included, but courts in this district have denied its inclusion.  See, e.g., Reyes v. Quality Logging, Inc., 52 F. Supp.3d 849, 853 (S.D. Tex. 2014)("the general authority on this question is decidedly split"); Jones, 149 F. Supp.3d 761, 777; Ratliff v. Pason Sys. U.S.A. Corp., __ F. Supp.3d __, 2016 WL 4275434 (S.D. Tex. July 21, 2016)(gathering cases).  In Reyes, the court declined to include the language because it was concerned about its chilling effect on unsophisticated plaintiffs that outweighed the chance that the plaintiffs would have to pay large

---

[40]     Id.

costs.  149 F. Supp.3d at 853-54.  In <u>Jones</u>, the court chose to exclude this language for several reasons, including the fact that courts in the Southern District of Texas often approve notices without these warnings.  149 F. Supp.3d at 777.  The court in <u>Ratliff</u> found this type of cost language to be "unnecessary and potentially confusing."  2016 WL 4275434, at *1.

In this case, as in <u>Reyes</u>, the putative class members are likely to be unsophisticated litigants.  Additionally, the court agrees with Plaintiffs that this language is there to dissuade potential plaintiffs from joining the lawsuit, and that the likelihood that the costs will amount to a significant magnitude for putative class members is small.  The court finds that such language is unnecessary and potentially confusing for the notice.  Therefore, the court finds that Defendant's proposed language should not be included in Plaintiffs' notice to putative class members.  Defendant's objection to the lack of inclusion of this language is overruled.

### V.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion for Conditional Certification and Notice to Potential Class Members be **GRANTED**.  Defendant is thereby **ORDERED** to provide Plaintiff's counsel, in usable electronic format,  all names, addresses, phone numbers, email addresses, and dates of employment for the putative class members.  Additionally, the court **ORDERS** a

sixty day notice period to allow putative class members to join the case.   The court approves Plaintiff's notice with the changes discussed above, and **ORDERS** this notice be sent to putative class members through mail, email, and that it be posted at Defendant's job sites.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.   Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 4th day of October, 2016.

_____

U.S. MAGISTRATE JUDGE